UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BITCO GENERAL INSURANCE CORPORATION AND BITCO NATIONAL INSURANCE COMPANY | CIVIL ACTION NO.: 18-cv-13951 |
| V | JUDGE: |
| DASH BUILDING MATERIAL CENTER, INC. AND DON FONTENELLE | MAG. JUDGE: |

COMPLAINT FOR DECLARATORY JUDGMENT
PURSUANT TO 28 USC §2201

NOW INTO COURT, comes BITCO General Insurance Corporation and BITCO National Insurance Company (collectively "BITCO") and respectfully represent as follows:

Nature of the Case

1. Don Fontenelle ("Fontenelle"), a domiciliary of the State of Louisiana, filed a Petition for Damages against Dash Building Material Center, Inc. ("Dash"), a Louisiana Corporation with its principal place of business in New Orleans, Louisiana, suit no. 2018-04573 on the docket of the Civil District Court of Orleans Parish (Exhibit 1).

2. Mr. Fontenelle's lawsuit alleged Dash and other defendants caused Mr. Fontenelle to be exposed to asbestos, allegedly resulting in 11 categories of damages as outlined at paragraph 84 of the Fontenelle lawsuit. Mr. Fontenelle's alleged damages include, among others, past and future physical and mental pain and suffering and emotional distress resulting from Mr. Fontenelle's mesothelioma, which Mr. Fontenelle allegedly contracted as a result of the aforementioned exposure to

asbestos. Additional damages alleged by Mr. Fontenelle include fear of dying, loss of enjoyment of life, past and future medical expenses, convalescence, mental and physical therapy, other health care expenses, past and future earnings, fringe benefits and retirement benefits, lost earning capacity, physical and mental impairment and disability, and other damages as more particularly alleged at paragraph 84 of the Fontenelle lawsuit.

3.     Although the plaintiff's allegation of damages at paragraph 84 and in the prayer of the Fontenelle Petition do not include a "…general allegation that the claim exceeds or is less than the requisite amount…" for the establishment of Federal Court jurisdiction, in violation of LA CCP 893(A)(1), it is facially apparent from the Petition that the amount in controversy exceeds $75,000. Multiple factors establish the amount in controversy exceeds the $75,000 threshold, including (1) the severity of Fontenelle's alleged injuries; (2) the multiple categories of damages sought; and (3) Fontenelle's failure to certify that the amount sought was less than $75,000, pursuant to LA CCP 863. Among other allegations, Mr. Fontenelle has alleged "…Don Fontenelle was caused to have mesothelioma, a deadly cancer…" as a result of the defendants' actions (Paragraph 48, Ex. 1).

4.     Dash has tendered its defense in the Fontenelle lawsuit to BITCO. Dash has failed to identify any BITCO policy providing general liability insurance coverage to Dash. Despite having conducted a diligent search, BITCO has only identified claim file data relating to worker's compensation and commercial auto claims. BITCO has no record of having provided general liability insurance coverage to Dash at any time.

5. This action seeks a declaration of the rights and responsibilities of BITCO with respect to Dash's tender of defense and indemnity in the underlying lawsuit.

## Parties

6. BITCO General Insurance Corporation and BITCO National Insurance Company are Illinois corporations which have their principal place of business in Iowa. Those companies are 100% owned by BITCO Corporation, a Delaware corporation with its principal place of business in Chicago, Illinois. BITCO Corporation is owned 100% by Old Republic General Insurance Group, Inc., a Delaware corporation. Old Republic General Insurance Group, Inc. is owned 100% by Old Republic International Corporation, a Delaware corporation.

7. Defendant Dash is a Louisiana-domiciled corporation. Dash may be served through its agent for service, Michael J. Diecidue, 9100 Chef Menteur Hwy., New Orleans, LA 70127.

8. Defendant Fontenelle is a Louisiana resident who may be served at 519 Beverly Garden, Metairie, LA.

## Jurisdiction and Venue

9. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1332(a)(1) because the parties are of diverse citizenship, and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs; and Art. III §2 of the United States Constitution, which provides that Federal Courts maintain diversity jurisdiction "between citizens of different states".

10. Venue is proper is this District pursuant to 28 U.S.C. §1391(a) and (b).

## The Underlying Lawsuit

11. A photocopy of the underlying lawsuit is attached as Exhibit 1. Don Fontenelle sued Dash, et al, alleging he contracted mesothelioma, a form of cancer, as a result of exposure to asbestos caused by Dash, et al. Dash tendered defense and indemnity to BITCO. BITCO has searched its records and cannot find any documented general liability insurance policy or coverage having been issued to Dash during the year of asbestos exposure alleged in the underlying lawsuit, nor at any other time.

BITCO requested Dash provide documentation of the insurance coverage it alleged. As of this date, Dash has only provided BITCO with photocopies of several pleadings relating to settlement of worker's compensation claims.

Dash has tendered its defense in the Fontenelle lawsuit to BITCO. Dash has failed to identify any BITCO policy providing general liability insurance coverage to Dash. Despite having conducted a diligent search, BITCO has only identified claim file data relating to worker's compensation and commercial auto claims. BITCO has no record of having provided general liability insurance coverage to Dash at any time.

Mr. Fontenelle has not alleged he was ever an employee of Dash. Mr. Fontenelle has not alleged an injury arising out of the use of any automobile owned or leased by Dash. There can be no insurance coverage under a worker's compensation policy nor a commercial automobile insurance policy, for the claims asserted by Fontenelle against Dash. Accordingly, BITCO has no duty to defend Dash nor indemnify Dash for any claims asserted in the Fontenelle lawsuit.

12.  In an abundance of caution and as an accommodation to Dash, BITCO has agreed to defend Dash until further notice, subject to the reservation of BITCO's rights, including but not limited to BITCO's right to seek a declaratory judgment of its rights and obligation under the facts presented and in the absence of any insurance coverage having been demonstrated by the purported insured, Dash. A photocopy of the letter of Reservation of Rights issued by BITCO to Dash is attached herewith as Exhibit 2.

### BITCO's First Claim for Declaratory Relief
(The duty to defend is determined by review of the 8 corners – i.e., the 4 corners of the Complaint and the 4 corners of an insurance policy including terms proven to exist by the insured or plaintiff under which coverage may potentially be provided for plaintiffs' claims. Unless the party alleging coverage proves the existence of the policy and its terms and provisions, the insured and/or plaintiff cannot prevail on a claim of coverage, and the insurer is entitled to a declaratory judgment in its favor, finding no duty to defend nor indemnify the purported insured for the claims asserted by the plaintiff.)

13.  When determining whether or not a policy affords coverage, it is the burden of the insured to prove the incident falls within the policy's terms. *Doerr v Mobil Oil Corp.*, 774 So. 2d 119 (La. 2000; opinion corrected on rehearing, other grounds, *Doerr v Mobil Oil Corp.*, La. March 16, 2001). "…With respect to coverage, the insured bears the burden of proving that the incident giving rise to a claim falls within a policy's terms." *Illinois Union Insurance Company v Louisiana Health Service & Indemnity Company*, 257 F. Supp. 3d 763, E.D. La. 2017.

A Federal Court sitting in diversity jurisdiction applies the substantive law of the forum state. Under Louisiana law, the insured bears the burden of establishing the insurer's duty to defend. *Ticknor v Rouse's Enterprises, LLC*, 2 F. Supp. 3d 882, U.S.

Dist. Ct. E.D. La. 2014. The duty to defend is determined solely from the plaintiff's pleadings and the face of the policy, without consideration of extraneous evidence. (*Ticknor*, supra.) Under Louisiana law, the rules of construction do not authorize a perversion of the words or the exercise of inventive powers to create an ambiguity in an insurance policy where none exists. (*Ticknor*, supra; *Mayo v State Farm Mutual Automobile Insurance Co.*, 869 So. 2d 96, 99 – 100 [La. 2000].)

14. In an action under an insurance contract, the insured bears the burden of proving the existence of the policy and the coverage. *Bayle v AllState Insurance Co.*, 615 F. 3d 350 (5th Circ. 2010); *Tunstall v Stierwald*, 809 So. 2d 916 (La. 2002); *Whitham v Louisiana Farm Bureau Casualty Insurance Co.*, 34 So. 3d 1104 (La. App. 2d Circ. 2010); *Winfrey v Louisiana Carnival Club, Inc.*, 907 So. 2d 159, 162 (La. App. 4th Circ. 2005); *Barber v Best*, 394 So. 2d 779 (La. App. 4th Circ. 1981), "…Plaintiff must plead and prove his claim falls within the general policy, whereas the insurer must prove exclusions from coverage."

15. The introduction into evidence of an insurance policy allegedly providing coverage for the tort feasor is an essential element of a plaintiff's burden of proof in a suit against an insurer. *Boufinet v Plaquemines Parish Commission Council*, 645 So. 2d 631, 646 (La. App. 4th Circ. 1994). Failure to establish a policy's actual provisions results in a positive determination there has been a failure of proof as to the existence of the policy itself. *Barber v Best*, 394 So. 2d 779 (La. App. 4th Circ. 1981).

16. Defendants cannot prove the existence of any policy issued by BITCO that would cover the allegations made by Fontenelle against Dash in the underlying

lawsuit. Accordingly, BITCO has no duty to defend nor indemnify Dash for these claims.

### BITCO'S Alternative Claim for Declaratory Relief
(In the alternative <u>only</u>, and only if the defendants prove the existence of one or more policies issued by BITCO to Dash and which cover the claims made in the underlying lawsuit, any duty to defend owed by BITCO to Dash would be limited.)

17.  In the alternative and solely in the event BITCO has a duty to defend Dash (which is denied), BITCO then seeks a declaration that it is only liable for its pro rata share of defense costs incurred on behalf of Dash in the underlying lawsuit.

18.  Louisiana's pro rata approach, applicable to the allocation of defense costs, relies on the exposure theory of long latency occupational disease cases. Each insurer is responsible, up to the limits of its policy, for all covered damages arising from an occurrence that takes place during the insurer's policy period. Defense costs are divided among insurers, and if the insured has periods of non-coverage, the insured is responsible for his pro rata share. *Arceneaux v Amstar Corp.*, 200 So. 3d 277 (La. 2016); *Insurance Co. of North American v Forty-Eight Insulations, Inc.*, 633 F. 2d 1212 (6th Cir. 1980), clarified on reh'g, 657 F. 2d 814 (6th Cir. 1981), cert denied, 454 U.S. 1109 (1981).

19.  If the court finds any policy issued by BITCO were triggered to create a duty to defend Dash regarding the claims asserted by Mr. Fontenelle, defense costs must be allocated in accordance with *Arceneaux*, such that BITCO would owe defense costs allocated on a time on the risk basis, with BITCO only being responsible for that pro rata portion of defense costs representing BITCO's time on the risk as compared with

Mr. Fontenelle's period of exposure for which Dash is proven liable, if any. Dash would be responsible for all other defense costs. *Arceneaux, supra*, and other cases cited therein.

### Additional Defenses Are Reserved.

20. In the alternative and solely in the event the Court determines that BITCO has a duty to defend Dash on a pro rata basis, BITCO would then be entitled to a credit to the extent its defense costs incurred for Dash have exceeded its pro rata share. To the extent defense costs paid by BITCO exceed BITCO's pro rata share, BITCO is entitled to reimbursement from Dash.

21. All other coverage defenses, including but not limited to all terms, conditions, limitations, endorsements, and exclusions are reserved; nothing is waived. BITCO demands proof of the existence and terms of any insurance policy under which any proponent of coverage alleges either a duty to defend, or a duty to indemnify in connection with the underlying lawsuit.

WHEREFORE BITCO requests that a declaration of its rights and responsibilities as to any claim of coverage under any insurance policy purportedly issued by BITCO to Dash, and further requests a declaration as follows:

I. There is no proven existence of any insurance policy issued by BITCO to Dash which would require BITCO either (a) to defend or (b) to indemnify Dash for any claim asserted in the underlying lawsuit filed by Fontenelle against Dash, et al;

II. BITCO has no duty to defend nor indemnify Dash in the underlying lawsuit asserted by Fontenelle against Dash, et al;

### Alternative Findings

III. In the alternative, and solely in the event BITCO has a duty to defend Dash, BITCO would owe defense costs on a prorated basis, allocated on a time on the risk basis, with BITCO only being responsible for that pro rata portion of defense costs representing BITCO's proven time on the risk as compared with Mr. Fontenelle's period of exposure for which Dash is proven liable, if any, consistent with *Arceneaux*, *supra*.

IV. In the alternative and solely in the event BITCO has a duty to defend Dash for a pro rata share of defense costs, Dash is responsible for all of its other defense costs.

V. In the alternative and solely in the event the Court determines that BITCO has a duty to defend Dash on a pro rata basis, BITCO would then be entitled to a credit to the extent its defense costs incurred for Dash have exceeded its pro rata share; and

VI. To the extent defense costs paid by BITCO exceed BITCO's pro rata share, BITCO is entitled to reimbursement from Dash.

                        RESPECTFULLY SUBMITTED,

BY:     \_\_\_\_\_s/William E. Scott, III_____
        William E. Scott, III, (La. BRN 11886)
        *Attorney for Plaintiff - BITCO General Insurance Corporation and BITCO National Insurance Company*
        WATSON BLANCHE WILSON & POSNER
        505 North Blvd.
        Baton Rouge, LA  70802
        Telephone:   225-387-5511
        Facsimile:    225-387-5972
        Email: wscott@wbwplaw.com