# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BITCO GENERAL INSURANCE CORPORATION, ET AL. | CIVIL ACTION |
| | No. 18-13951 |
| VERSUS | |
| DASH BUILDING MATERIAL CENTER, INC., ET AL. | SECTION I |

## ORDER & REASONS

Before the Court is defendant Dash Building Material Center, Inc.'s ("Dash") motion[1] to abstain and dismiss this case pursuant to the *Brillhart/Wilton* doctrine. For the following reasons, the motion is denied.

## I.

This declaratory action arises out of an insurance contract dispute between Dash and the plaintiffs, BITCO General Insurance Corporation and BITCO National Insurance Company (collectively, "BITCO"). On May 9, 2018, Don Fontenelle ("Fontenelle"), who is not a party to this lawsuit, filed a petition for damages against Dash in Louisiana state court, alleging that Dash and other defendants caused him to be exposed to asbestos which, in turn, caused him to contract mesothelioma.[2] Dash tendered its defense in the state court lawsuit to BITCO, seeking indemnity based on

---

[1] R. Doc. No. 6.
[2] *See* R. Doc. No. 1, at 1.

an alleged general liability insurance policy.³ On August 21, 2018, BITCO conditionally agreed to provide a defense to Dash until further notice.⁴

On January 29, 2019, the plaintiffs in the state court proceeding filed a third supplemental and amending petition, adding BITCO as a defendant in its capacity as Dash's insurer.⁵ However, before BITCO was added as a defendant, it filed the present action in this Court against Dash pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201. BITCO asserts that Dash cannot prove the existence of a policy issued to Dash by BITCO that would cover the allegations made by Fontenelle. As a result, BITCO requests that the Court declare that BITCO has no duty to defend or indemnify Dash for the related claims or, alternatively, to declare that BITCO is only liable for its *pro rata* share of costs incurred on behalf of Dash in the state court

---

³ *See* R. Doc. No. 1, at 2; R. Doc. No. 6-1, at 2.
⁴ An August 21, 2018 letter sent to Dash by BITCO's regional claims manager states that, "[d]espite having conducted a diligent search, BITCO has no record of having issued an insurance policy providing General Liability insurance coverage to Dash." R. Doc. No. 6-2, at 35. BITCO nonetheless agreed "to defend Dash . . . until further notice." *Id.* at 36.
⁵ R. Doc. No. 6-2, at 46 (third supplemental and amending petition for damages). According to the information and documentation submitted by Dash, Fontenelle died in December 2018, and three other individuals related to Fontenelle were substituted as plaintiffs, asserting wrongful death and survival claims. R. Doc. No. 6-1, at 2; R. Doc. No. 6-2, at 43, 45. On February 26, 2019, after the motion to dismiss was filed, BITCO amended its complaint to add the state court plaintiffs as defendants in this action. *See* R. Doc. No. 10, at 2. The record reflects that, in the state court proceeding, the plaintiffs filed a motion to dismiss BITCO from the case after the present motion was filed in this action. R. Doc. No. 25, at 1. However, on this date, the parties informed the Court that the plaintiffs subsequently filed a motion to withdraw their motion to dismiss.

lawsuit.⁶ Dash moves the Court to abstain from deciding this action, and dismiss the case altogether, pursuant to the *Brillhart/Wilton* doctrine.⁷

## II.

### A.

As a threshold matter, the parties disagree about which abstention doctrine applies. The *Brillhart/Wilton* doctrine applies only to cases that are exclusively declaratory in nature. *See Southwind Aviation, Inc. v. Bergen Aviation, Inc.*, 23 F.3d 948, 951 (5th Cir. 1994). "[W]hen an action involves coercive relief, the district court must apply the abstention standard set forth in *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817. . . (1976)" instead. *New England Ins. Co. v. Barnett*, 561 F.3d 392, 394–95 (5th Cir. 2009). Unlike other circuits, the Fifth Circuit has adopted a bright-line rule: *any* claim for coercive relief requires application of the *Colorado River* doctrine.⁸ *Id.* at 395. Therefore, to determine which abstention doctrine applies, the Court must first decide whether BITCO's federal case is a purely declaratory action.

Having reviewed the parties' briefing on the matter, the Court concludes that the action is not purely declaratory because "it involves a request for monetary . . . relief." *American Guarantee & Liability Co. v. Anco Insulations, Inc.*, 408 F.3d 248, 250–51 (5th Cir. 2005). In *American Guarantee*, the plaintiff-insurer sought a

---

⁶ R. Doc. No. 1, at 6–7.
⁷ R. Doc. No. 6-1, at 1.
⁸ Coercive remedies include monetary and injunctive relief. *See Southwind Aviation, Inc.*, 23 F.3d at 951.

3

declaration that it did not owe a duty to the defendants to defend them in a separate lawsuit in state court. *See id.* at 251. However, because the plaintiff also sought restitution for amounts that it had paid to defend the defendants in state court, the Fifth Circuit held that the application of the *Colorado River* standard was appropriate. *Id.* This case is nearly identical: as a corollary to BITCO's alternative claim for declaratory relief, it seeks reimbursement from Dash for any defense costs it incurs in the state court proceeding.[9]

Indeed, in *American Guarantee*, the Fifth Circuit noted that the *Colorado River* doctrine applied even if the plaintiff's restitution claim was "merely ancillary" to its claim for declaratory relief. *Id.* at 251 n.15; *see also Black Sea Inv., Ltd. v. United Heritage Grp.*, 204 F.3d 647, 652 (5th Cir. 2000). Because BITCO's complaint includes a request for reimbursement, application of the *Brillhart/Wilton* doctrine is inappropriate. *See Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 539–40 (5th Cir. 2002), *overruled on other grounds*, 589 F.3d 778 (5th Cir. 2009); *see also Scottsdale Ins. Co. v. A3M Co., Inc.*, No. 07-3346, 2008 WL 754693, at *2 (E.D. La. Mar. 19, 2008) (Vance, J.) (holding that, because the plaintiff asserted a claim for

---

[9] R. Doc. No. 1, at 8. Dash characterizes BITCO's complaint as asking the Court simply to declare that, if BITCO owes Dash a duty to defend it, BITCO is entitled to any defense costs it incurs in excess of its *pro rata* share. R. Doc. No. 19, at 8. It is true that BITCO's alternative claim for relief seeks a declaration limiting BITCO's liability. *See* R. Doc. No. 1, at 7. However, BITCO also notes that, in the event the Court grants its alternative claim for relief, it "is entitled to reimbursement from Dash." *Id.* at 8. BITCO has effectively reserved its right to request the payment of certain costs if the Court finds that it owes Dash a duty to defend or indemnify Dash in the state court lawsuit.

4

restitution in addition to its claim for declaratory relief, the *Colorado River* abstention analysis applied).[10]

In its order requesting briefing on the issue of which abstention doctrine applies, the Court specifically asked the parties to argue the relevance and significance of *Massachusetts Bay Insurance Company v. Lewis*, No. 10-585, 2011 WL 1261145 (M.D. La. Mar. 31, 2011)—a case with facts similar to this one.[11] In *Massachusetts Bay*, the Court rejected the argument, now urged by BITCO, that a request for reimbursement of defense costs "wholly related" to the central claim for declaratory relief constituted coercive relief. *Id.* at *5. But the court relied in part on the fact that there was no claim for injunctive relief before it. It did *not* analyze whether the request for reimbursement could be accurately characterized as a claim for monetary relief. *See id.* Based on the Fifth Circuit's holding in *American Guarantee*, this Court finds that it does. Because BITCO's complaint requests more than just declaratory relief, the Court must apply the *Colorado River* doctrine.

**B.**

Having determined that the *Colorado River* doctrine applies, the Court must decide whether abstention is proper. Typically, "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having

---

[10] The Fifth Circuit recognizes only two exceptions to the "exceptional circumstances" standard set forth in *Colorado River*: (1) if the claims for coercive relief are frivolous or (2) if the claims for coercive relief were added to defeat application of the *Brillhart/Wilton* doctrine. *New England*, 561 F.3d at 395–96; *see also American Guarantee*, 408 F.3d at 251 n.15. Dash has not argued that either exception applies.
[11] *See* R. Doc. No. 15, at 2.

5

jurisdiction" because the federal court's obligation to exercise its given jurisdiction is "virtually unflagging," *Colorado River*, 424 U.S. at 817. Accordingly, "[u]nder the *Colorado River* standard, [a] district court's discretion to dismiss is 'narrowly circumscribed.'" *New England*, 561 F.3d at 395 (quoting *Colorado River*, 424 U.S. at 817). A federal court may only abstain from exercising its jurisdiction "based on considerations of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" *Murphy v. Uncle Ben's, Inc.*, 168 F.3d 734, 737–38 (5th Cir. 1999) (quoting *Colorado River*, 424 U.S. at 817).[12]

The *Colorado River* abstention analysis is only available, however, if the state and federal court proceedings are parallel. *American Guarantee*, 408 F.3d at 252; *Stewart v. Western Heritage Ins. Co.*, 438 F.3d 488, 491 & n.3 (5th Cir. 2006). As a general rule, proceedings are parallel when "they involv[e] the same parties and the same issues." *Diamond Offshore*, 302 F.3d at 540 (quoting *RepublicBank Dallas Nat'l Ass'n v. McIntosh*, 828 F.2d 1120, 1121 (5th Cir. 1987)); *see also American Guarantee*, 408 F.3d at 252. The Fifth Circuit has acknowledged that "'it may be that there need

---

[12] Specifically, under *Colorado River*, the district court weighs six factors:

> 1) assumption by either court of jurisdiction over a res, 2) relative inconvenience of the forums, 3) avoidance of piecemeal litigation, 4) the order in which jurisdiction was obtained by the concurrent forums, 5) to what extent federal law provides the rules of decision on the merits, and 6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction.

*Kelly Inv., Inc. v. Continental Common Corp.*, 315 F.3d 494, 497 (5th Cir. 2002).

not be applied in every instance a mincing insistence on precise identity' of parties and issues." *African Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 797 (5th Cir. 2014) (quoting *McIntosh*, 828 F.2d at 1121). To determine whether the proceedings are sufficiently parallel to warrant a *Colorado River* analysis, courts "look both to the named parties and to the substance of the claims asserted in each proceeding." *Id.*; *see also Air Evac EMS, Inc. v. Texas, Dep't of Ins., Div. of Workers' Comp.*, 851 F.3d 507, 520 (5th Cir. 2017).

Here, the state court proceeding is primarily a personal injury lawsuit.[13] And although the parties overlap,[14] "[t]he state action undisputedly involves additional defendants and issues not involved in the federal action, which is limited to the narrow issue of" determining what duty, if any, BITCO owes Dash with respect to the state court lawsuit and what reimbursement, if any, Dash may in turn owe BITCO. *See American Family Life Assur. Co. of Columbus v. Biles*, 714 F.3d 887, 892 (5th Cir. 2013). Indeed, neither party has indicated that the state court is certain to resolve the issue of whether a relevant insurance policy exists between Dash and BITCO and, if a policy does exist, whether BITCO is entitled to reimbursement.[15] As a result, the Court finds that the proceedings are not sufficiently parallel for the purposes of

---

[13] *See* R. Doc. No. 6-2, at 3 (original petition for damages).
[14] *See id.* at 1–3.
[15] BITCO argues that, although it is a defendant in the state court proceeding, "the specific issues raised by BITCO's complaint, including questions of reimbursement of defense costs by Dash, will not necessarily be resolved by a resolution of Fontenelle's general allegation that BITCO ensured Dash." R. Doc. No. 12, at 4. BITCO contends that, ultimately, "[a] judgment in the underlying state suit in favor of Dash [would] not completely resolve the issues among Dash and BITCO." *Id.*

*Colorado River* abstention, particularly considering that "the exceptional nature of federal abstention cuts in favor of jurisdiction." *Air Evac EMS, Inc.*, 851 F.3d at 521; *see also United States Fire Ins. Co. v. Housing Auth. of New Orleans*, 917 F. Supp. 2d 581, 589–90 (E.D. La. 2013) (Feldman, J.) (rejecting the argument that two related cases were parallel because, although the parties and claims in the federal lawsuit were "subsumed" in the state court litigation, the state court litigation had additional parties, and many of the state court claims were not before the federal court); *Scottsdale Ins. Co.*, 2008 WL 754693, at *2 (holding that—in the case of a state court property damage lawsuit and a federal court lawsuit involving a declaration of the insurance company's related rights—the proceedings were not parallel).[16]

---

[16] The Court notes that, even if the state and federal proceedings were sufficiently parallel, the *Colorado River* factors weigh against abstention. Neither court has assumed jurisdiction over any *res* or property, which weighs against abstention. *See Murphy*, 168 F.3d at 738. Also weighed against abstention is the fact that Dash has not argued that the federal court is an inconvenient forum, and both forums are located in New Orleans. *See Kelly*, 315 F.3d at 498. To the extent that the state court resolves the issues before this Court, the two proceedings would merely be duplicative, and "[t]he prevention of duplicative litigation is not a factor to be considered in an abstention determination." *Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185, 1192 (5th Cir. 1988). Furthermore, neither proceeding has progressed very far, particularly on the issue of coverage, weighing against abstention. *See Murphy*, 168 F.3d at 738. And finally, there is currently no guarantee that the state court will adjudicate the claims, and thus protect the rights, asserted by BITCO in this lawsuit.

## III.

Accordingly,

**IT IS ORDERED** the motion to abstain and dismiss the above-captioned matter is **DENIED.**

New Orleans, Louisiana, March 18, 2019.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**